**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SCOTTIE H. GIBSON, | ) | |
| ID # 2431664, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:23-CV-2132-L-BH |
| | ) | |
| STATE OF TEXAS, et al. | ) | |
| Respondents. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

The *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on November 3, 2023 (doc. 11), should be **DISMISSED**.

## I.    BACKGROUND

Scottie H. Gibson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his January 2023 conviction and sentence in the 18th District Court of Johnson County, Texas, under 28 U.S.C. § 2254. (*See* doc. 11 at 2.) He names the State of Texas and the 413th Judicial District Court of Johnson County, Texas, as the respondents. (*See id.* at 1.)

In January 2023, a jury convicted Petitioner of one count of continuous sexual abuse of a child under 14, five counts of sexual assault of a child, two counts of sexual assault of a child – prohibited sexual conduct, and two counts of indecency with a child involving sexual contact in Case No. DC-F202000027 in the 18th Judicial District Court of Johnson County, Texas. *State v. Gibson*, No. DC-F202000027 (18th Dist. Ct., Johnson Cnty., Tex. Jan. 26, 2023). The jury sentenced him to imprisonment in the TDCJ-CID for 40 years on the sexual abuse count, 35 years

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

on each sexual assault- prohibited sexual conduct count, and 10 years on each sexual assault count and indecency with a child count. *See id.* (18th Dist. Ct., Johnson Cnty., Tex. Jan. 27, 2023). Judgment was entered on February 3, 2023. *See id.* (18th Dist. Ct., Johnson Cnty., Tex. Feb. 3, 2023). His direct appeal is currently pending in the Tenth District Court of Appeals of Texas. (*See* doc. 11 at 4); *Gibson v. State*, No. 10-23-00131-CR (Tex. App.—Waco May 5, 2023).

The amended § 2254 petition asserts the following grounds for relief:

(1) No arrest warrant existed or issued;

(2) No Grand Jury impaneled or convened;

(3) Ineffective Assistance of Council [sic];

(4) 413th, 249th, 18th Judicial District Courts Never Legally acquired Legal Jurisdiction of the [Petitioner] and Subject Matter; and

(5) Prosecutorial misconduct and malicious Prosecution.

(doc. 11 at 7-8, 11.) He seeks "[t]o be released from unlawful, unconstitutional imprisonment," "the case of DC-F202000027 to be completely expunged from his record[,]" and "[t]o be acquitted of ALL charges and the conviction to be reversed and remanded." (*Id.* at 8.)

## II.    PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("the petition must name as respondent the state officer who has custody" of the petitioner). Generally, the only proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court." *Padilla*, 542 U.S. at 435. "[I]n habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . ." *Id.*

Because Petitioner challenges the legality of a state conviction and sentence that has resulted in his incarceration in the TDCJ-CID under § 2254, either the warden of the institution of incarceration or the chief officer in charge of state penal institutions is a proper respondent. *See* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions." (internal citation omitted)). The Director of TDCJ-CID should be substituted as the proper respondent in this case, and the State of Texas and the 413th Judicial District Court of Johnson County, Texas, should be terminated. *See West v. Louisiana,* 478 F.2d 1026, 1031 (5th Cir. 1973) (noting that the district court would have been justified in treating the habeas petition as if the petitioner had named the proper respondent), *vacated in part on other grounds,* 510 F.2d 363 (5th Cir. 1975).

### III.    EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. A petitioner must also present his claims in a procedurally correct manner. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795.

A federal district court may raise the lack of exhaustion *sua sponte. Shute v. State*, 117 F.3d

233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner's direct appeal of the underlying state judgment is pending. *See Gibson*, No. 10-23-00131-CR (Tex. App.—Waco May 5, 2023). Because his direct appeal is pending, the Texas Court of Criminal Appeals has not yet had a fair opportunity, either through a PDR or a state application for a writ of habeas corpus, to consider the habeas claims raised by Petitioner in his federal petition. *See Dunn v. Johnson*, No. 3-00-CV-2102-P, 2001 WL 209467, at *2 ("A prisoner cannot seek state post-conviction relief while a direct appeal is pending . . . [n]or can a prisoner seek federal habeas relief until he exhausts his state remedies.") (citations omitted). Petitioner therefore has not fairly presented his claims to the Texas Court of Criminal Appeals. *See Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (stating that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."). Accordingly, the § 2254 petition should be dismissed without prejudice for failure to exhaust state court remedies.

## IV.    CIVIL CLAIMS

In correspondence received on November 13, 2023, Petitioner "request[s] that this event that took place at Johnson County Jail be considered with the Amended 2254 and the common law

habeas corpus ad subjiciendum." (doc. 16 at 1.) He alleges that in September 2022, he was "handcuffed by a jail guard then taken to a room where 6 or 7 jail guards ganged up on me and forced me into this metal chair and strapped my arms, hands, torso, legs, and feet down to this metal chair, then forcing [sic] Q-tips in my mouth and to the back of my mouth to get this DNA against my will." (*Id.* at 2.) He states that "[a]fterwards I was given a case in this jail which placed me in 'seg' or the 'hole' for thirty days." (*Id.*) He claims that he "was punished by Johnson County Jail for standing up for my constitutional rights and wanting to consult with my attorney." (*Id.*) His allegations to do not specifically challenge his custody.

Courts may only consider federal habeas petitions under § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). To the extent Petitioner seeks to assert claims against non-custodial parties or to seek non-habeas relief, claims that do not challenge his custody may not be raised in this habeas action. His non-habeas civil claims may be liberally construed either as a separate civil rights action or a mandamus action against the appropriate parties. Petitioner already has a pending civil rights action in which he makes nearly identical allegations as in his correspondence here. *See Gibson v. Mackey*, No. 3:23-CV-1164-S-BT (N.D. Tex. May 18, 2023), doc. 20. For that reason, and because of the filing fee[2] for a new civil action, his non-habeas civil claims are not liberally construed as a new non-habeas civil action; his claims should be dismissed without prejudice to seeking relief in that action or to filing a new civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted* 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

---

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

## V.    RECOMMENDATION

Any habeas claims in the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on November 3, 2023 (doc. 11), should be **DISMISSED** without prejudice for failure to exhaust state court remedies. Any civil claims should be **DISMISSED** without prejudice to seeking relief in either Case No. 3:23-CV-1164-S-BT or a new separate civil action.

**SIGNED this 16th day of November, 2023.**

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE