IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SCOTTIE H. GIBSON,** | § | |
| ID # 2431664 | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:23-CV-2132-L-BH** |
| | § | (Consolidated with 3:23-cv-2295-B) |
| **STATE OF TEXAS, et al.,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge Irma Ramirez[1] ("Report") (Doc. 17) was entered on November 16, 2023, recommending that Petitioner Scottie Gibson's ("Petitioner") Amended Petition for a Writ of Habeas Corpus ("Petition") (Doc. 11) be **dismissed without prejudice**.

In January 2023, a jury found Petitioner guilty of: (1) one count of continuous sexual abuse of a child under 14; (2) five counts of sexual assault of a child; (3) two counts of sexual assault of a child – prohibited sexual conduct; and (4) two counts of indecency with a child involving sexual contact. Report 2-3 (citing *State v. Gibson*, No. DC-F202000027 (18th Dist. Ct., Johnson Cnty., Tex. Jan. 26, 2023)). "The jury sentenced him to imprisonment in the [Texas Department of Criminal Justice, Correctional Institutions Divisions ("TDCJ-CID")] for 40 years on the sexual abuse count, 35 years on each sexual assault – prohibited sexual conduct count, and 10 years on each sexual assault count and indecency with a child count." *Id.* at 2. After the court entered judgment in February 2023, Petitioner filed a direct appeal that is currently pending in the Tenth

---

[1] At the time the Report was entered Judge Irma Ramirez was a Magistrate Judge for the Northern District of Texas. On December 4, 2023, Judge Ramirez was confirmed as a Judge of the United States Fifth Circuit of Appeals. Thereafter this action was transferred to Magistrate Judge David Horan. *See* Special Order 3-351 (Doc. 21).

**Order – Page 1**

District Court of Appeals of Texas. *Id.* (citing *Gibson v. State*, No. 10-23-00131-CR (Tex. App.—Waco May 5, 2023)). On September 18, 2023, Petitioner filed his Petition challenging his January 2023 conviction pursuant to 28 U.S.C. § 2254 against the State of Texas and 413th Judicial District Court of Johnson County, Texas. *See* Am. Pet. 1. Specifically, Petitioner requests to be released from imprisonment, have his case expunged, to be acquitted of all charges, and have his conviction reversed and remanded, because: (1) no arrest warrant existed or was issued; (2) no grand jury was impaneled or convened; (3) ineffective assistance of counsel; (4) the "413th, 249th, and 18th Judicial District Courts" never "legally acquired legal jurisdiction" of Petitioner or the "subject matter"; and (5) prosecutorial misconduct and malicious prosecution. Report 2.

The Report recommends that the "Director of the TDCJ-CID should be substituted as the proper respondent in this case, and the State of Texas and the 413th Judicial District Court of Johnson County, Texas, should be terminated." *Id.* at 3 (citing *West v. Louisiana*, 478 F.2d 1026, 1031 (5th Cir. 1973) (noting that the district court would have been justified in treating the habeas petition as if the petitioner had named the proper respondent), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975)). Then, the Report recommends that the Petition should be dismissed without prejudice because Petitioner's state appeal is pending, so he has failed to exhaust his state court remedies. *Id.* at 3-4. Finally, as to Petitioner's civil claims, the Report recommends dismissal because Petitioner has a pending civil action in this district alleging "nearly identical allegations as his correspondence here." *Id.* at 5 (citing *Gibson v. Mackey*, No. 3:23-CV-1164-S-BT (N.D. Tex. May 18, 2023) at Doc. 20 (the "Section 1983 Action")).

Petitioner filed objections to the Report in which he, first, contends that although the Director of the TDCJ-CID is one of the proper defendants, the 413th Judicial District should not be terminated. Obj. 1 (Doc. 22). The court determines that Petitioner's objections are insufficient

to overcome the magistrate judge's conclusions regarding the proper respondent. The Report correctly states that a petition for habeas corpus "must name as respondent the state officer who has custody of the petitioner." Report 2 (citing Rule 2(a) of the Rules Governing § 2254 Cases). Therefore, either the warden of the institution of incarceration or the chief officer in charge of state penal institutions is the proper respondent, not the 413th Judicial District. *Id.* (citing Advisory Committee Notes to Rule 2(a)). Accordingly, Petitioner's objection is **overruled.**

Next, Petitioner objects to the magistrate judge's conclusion that he has not exhausted his state court remedies because the "courts are ignoring him." Obj. 2. The magistrate judge, however, correctly concludes that "[b]ecause [Petitioner's] direct appeal is pending, the Texas Court of Criminal Appeals has not yet had a fair opportunity, either through a [petition for discretionary review] or a state application for a writ of habeas corpus, to consider the habeas claims raised by Petitioner in his federal petition." Report 4 (citations omitted). Therefore, because the state appellate courts have not ruled on Petitioner's claims, he has not fully exhausted state court relief. Accordingly, Petitioner's objection is **overruled**.

Finally, Petitioner objects to the magistrate judge's conclusion that Petitioner's civil claims are identical to the claims alleged in Petitioner's Section 1983 Action because they are not "nearly identical." Obj. 4. The court, however, agrees with the magistrate judge's finding that Petitioner's civil claims are the same claims that Petitioner is currently pursuing in his Section 1983 Action. Accordingly, Petitioner's objection is **overruled**.

After carefully reviewing the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which an objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Amended Petition (Doc. 11);

**dismisses without prejudice** Petitioner's habeas claims for failure to exhaust state court remedies; and **dismisses without prejudice** any civil claims seeking relief in either Case No. 3:23-CV-1164-S-BT or a new separate civil action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 31st day of January, 2024.

                                            Sam A. Lindsay
                                            United States District Judge